| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Robert Moran<br>Special Agent: Brett J. Brandon | Telephone: (313) 226-9553<br>Telephone: (313) 573-0621 | |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
v.
Barry Gene Stephens Jr.

Case No.  Case: 2:22−mj−30243
Assigned To : Unassigned
Assign. Date : 5/23/2022
Description: CMP USA v. STEPHENS (SO)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 21, 2022__ in the county of __Oakland__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 924(c) | (Use/Possession of a Firearm in Furtherance of a Crime of Violence or Drug Trafficking Crime) |
| 18 U.S.C. § 922(g)(1) | (Felon in Possession of a Firearm) |
| 18 U.S.C. § 922(o) | (Illegal Possession of a Machinegun) |
| 21 U.S.C. §841(a) | (Possession with Intent to Distribute a Controlled Substance) |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Brett J. Brandon, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: May 23, 2022

_____
Judge's signature

City and state: Detroit, MI

Hon. Jonathan J.C. Grey, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AFFIDAVIT IN SUPPORT OF
A CRIMINAL COMPLAINT**

I, Brett J. Brandon, being first duly sworn, hereby state:

1. I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, United States Department of Justice, assigned to the Detroit Field Division since July 2013. I graduated from the Criminal Investigator Training Program and the ATF Special Agent Basic Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. During my employment with ATF, I have conducted and/or participated in numerous criminal investigations focused on firearms, drug trafficking violations, and criminal street gangs.

2. I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.

1

3. ATF is currently conducting a criminal investigation concerning BARRY GENE STEPHENS JR. (B/M; DOB: XX/XX/1990) for violations of 18 U.S.C. § 924(c)(Use/Possession of a Firearm in Furtherance of a Crime of Violence or Drug Trafficking Crime), 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm), 18 U.S.C. § 922(o) (Illegal Possession of a Machinegun), and 21 U.S.C. §841(a) (Possession with Intent to Distribute a Controlled Substance), among other state and federal criminal violations.

## PROBABLE CAUSE

4. I reviewed a computerized criminal history and Michigan Sixth Circuit Court records for STEPHENS, which revealed the following felony convictions.

5. On April 2, 2008, STEPHENS pled nolo contendere in Michigan Sixth Circuit Court to (1) Felony Assault with Intent to Rob While Armed and (2) Felony Weapons – Felony Firearm. On June 28, 2008, STEPHENS was sentenced to fifty-one months to twenty years in prison for count one and two years in prison for count two.

6. On July 24, 2018, STEPHENS pled guilty to Felony Controlled Substance -Delivery/Manufacture Less than 50 Grams in

Michigan Sixth Circuit Court. On October 23, 20218, STEPHENS was sentenced to 150 days in Oakland County Jail and two years probation.

7. On May 21, 2022 at approximately 5:46 pm, OCSO detectives assigned to the Pontiac Directed Patrol Unit working in a semi-marked OCSO patrol vehicle, observed a white Chrysler 300 driving northbound on Waldo Street near Huron Street. The detectives observed heavy tint on both driver side windows and observed the vehicle to be traveling in excess of the posted 25 mph speed limit in a residential neighborhood. Detectives queried the license plate in the Michigan law Enforcement Information Network (LEIN) and learned the registered owner had a suspended driver's license. Additionally, the detectives observed the vehicle fail to come to a complete stop as the vehicle turned northbound on Mohawk Street. The detectives eventually conducted a traffic stop of the vehicle in the area of Ogemaw Road and Spokane Drive for the above violations.

8. The driver, STEPHENS, provided a detective with a Michigan driver's license and identified himself. The detective was aware of STEPHENS' previous felony convictions based on prior investigations. The detective looked down between STEPHENS' feet

and observed the bottom of a handgun magazine. The detective repositioned in front of the vehicle and observed what he knew to be the bottom of a Glock handgun magazine. At that same time, STEPHENS moved his right foot in an attempt to kick the gun back further under the seat. The detective alerted his partner of the observation and called for additional units to prevent the vehicle from fleeing. An additional OCSO semi-marked unit responded and boxed the vehicle in front the front. At that time, the detective handcuffed STEPHENS and had him exit the vehicle.

9. Detectives recovered one knotted plastic bag containing 13.98 gross grams of suspected heroin (field tested positive by OCSO) from STEPHENS' left sweatshirt pocket. Detectives also recovered one knotted plastic bag containing 2.18 gross grams of crushed pills (suspected Methylenedioxymethamphetamine (MDMA), commonly referred to as "ecstasy" or "molly") from STEPHENS' right pants pocket. Deputies at the Oakland County Jail also recovered one plastic bag containing 15.9 gross grams of suspected cocaine (field tested positive by OCSO) from STEPHENS' sweatshirt pocket during a custody search. I am aware based on training and experience investigating the criminal

4

possession, use, and sale of controlled substances that heroin, MDMA, and cocaine are controlled substance pursuant to the Controlled Substances Act (CSA). I am also aware the quantities of controlled substances possessed by STEPHENS are much larger than those typically possessed for individual use.

10. Detectives also recovered a total of $646 in United States Currency from STEPHENS' pants pockets.

11. Detectives recovered one black Glock 23 .40 caliber pistol bearing serial number "BCSP528" loaded with one round in the chamber and nineteen rounds of ammunition inside the twenty-two round magazine inserted in the firearm from underneath the driver's seat. Detectives also noted the pistol had a "Glock switch" affixed to the rear of the slide.

12. I am aware based on experience investigating the criminal possession and use of Glock conversion devices, commonly referred to as "Glock Switches", that an individual can affix a Glock conversion device to a Glock pistol to make the pistol shoot automatically and function as machinegun. A machinegun is a firearm under the National Firearms Act (NFA), 26 U.S.C. § 5845(a). A machinegun is defined, in pertinent

5

part, as "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun." 26 U.S.C. § 5845(b). A Glock conversion device – commonly referred to as "Glock Switch" or "Glock Auto Sear" – is a part, or combination of parts, designed and intended for use in converting a semiautomatic Glock pistol into a machinegun; therefore, it is a "machinegun." The Gun Control Act, 18 U.S.C. § 922(o), prohibits the transfer or possession of a machinegun manufactured after May 19, 1986. ATF is not aware of any Glock conversion devices that were developed before May 19, 1986. As such, Glock conversion devices are considered post-1986 machineguns. Therefore, they may only be lawfully possessed by properly licensed federal firearms licensees who have paid the appropriate Special Occupational Tax required of those manufacturing, importing, or dealing in NFA firearms under the authority of the United States and any department or agency thereof or a State or a department, agency, or political subdivision thereof. Due to STEPHENS' felony convictions, he is prohibited from obtaining and holding the required federal firearms license and paying the Special Occupational Tax.

13. Below is a photograph of the evidence recovered by the OCSO detectives.



## **CONCLUSION**

14. Based upon the aforementioned facts stated herein, there is probable cause to believe BARRY GENE STEPHENS JR. (B/M; DOB: XX/XX/1992), a convicted felon aware of his felony conviction, did knowingly and intentionally possess a Glock 23 .40 caliber pistol with a Glock conversion device affixed, a Firearm having affected interstate commerce, as well as 13.98 gross grams of suspected heroin, 2.18 gross

7

grams of suspected MDMA, and 15.9 gross crams of cocaine, in violation of 18 U.S.C. § 924(c)(Use/Possession of a Firearm in Furtherance of a Crime of Violence or Drug Trafficking Crime), 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm), 18 U.S.C. § 922(o) (Illegal Possession of a Machinegun), and 21 U.S.C. §841(a) (Possession with Intent to Distribute a Controlled Substance). Said violations occurring on or about May 21, 2022, in the city of Pontiac, in the County of Oakland, in the Eastern Judicial District of Michigan.

Respectfully submitted,

Brett J. Brandon
ATF Special Agent

Sworn to before me and signed in my
presence and/or by reliable electronic means.

HONORABLE JONATHAN J.C. GREY
United States Magistrate Judge

Dated: May 23, 2022